IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.   2:15cv253-WHA |
| v. | ) |
| | )         (wo) |
| PIKE ROAD VOLUNTEER FIRE PROTECTION AUTHORITY & JANE JAMES, individually, | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on a Motion to Reconsider (Doc. #33).

The Defendants ask the court to reconsider Green's comparator evidence, the court's questioning of the reasons for termination articulated by Pike Road Volunteer Fire Protection Authority ("PRVFPA"), and additional compartor evidence.

PRVFPA moved for summary judgment stating that Plaintiff Green was not replaced by somone outside of his protected group, to which Green argued that he was replaced by Matt Missidine as PRVFPA Fire Chief, and that there are no allegations of a substance abuse problem against Matt Missidine. (Doc. #24-12 p.5).   The court also previously stated that Green pointed to another firefighter, Blake Green, who was arrested for a DUI and that arrest was treated differently because it was a "separate incident."   (Doc. #24-16 at p.93:14-23).   The court expressed that at a later point in the proceedings, the difference in treatment, if there was one, may be explained as being based on something other than a perception that Green suffered from a disability, but that there was not enough evidence before the court to make that determination.

1

(Doc. #32 at p.10).

The PRVFPA attempts to advance arguments now which undermine Green's evidence. The time to raise arguments regarding Green's evidence and response to the Motion for Summary Judgment was in PRVFPA's Reply Brief, not on a Motion to Reconsider the court's ruling. *See Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1190 (S.D. Ala. 2007) ("To allow reconsideration on this basis would be to compromise fundamental principles of finality of rulings, would be manifestly inefficient, would squander judicial resources, and would send a message to other litigants that they need not bother raising all of their objections and arguments in briefing summary judgment, because the losing party can successfully inject those arguments later via a motion to reconsider.").

In the previous Memorandum Opinion and Order, the court also expressed that the Defendants set out in their brief as the legitimate, non-discriminatory reasons for Green's firing that "Green violated a written PRVFPA policy by appearing in public and being arrested for DUI on January 4, 2014 with a PRVFPA decal prominently displayed on the side of his vehicle," he was terminated "for violating the Board's policy and causing the PRVFPA's public reputation to suffer in the opinion of James and Jackson," and because "Green's failure to inform the Board of his DUI arrest was a violation of the Board's trust in its Fire Chief."   (Doc. #32 at p. 7).

The PRVFPA now seeks to clarify that it has always relied on a second chance warning as a reason for Green's termination, and now also advances an argument that reliance on a good faith belief that Green's job performance was impaired by drinking or drug use would not violate the ADA. It may ultimately be that at trial, the jury accepts that these were factors relied on in the decision-making process, and that the decision was not based on a perceived disability.

However, the court again concludes that summary judgment cannot be granted on that basis, given the fact issues raised by the articulation of the reasons for Green's termination, set out above, and the other fact issues previously addressed.

The Motion for Reconsideration is ORDERED DENIED.

Done this 17th day of June, 2016.

                                                /s/ W. Harold Albritton
                                                W.   HAROLD ALBRITTON
                                                SENIOR UNITED STATES DISTRICT JUDGE